UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HETTICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0188-CVE-FHM |
| ) | |
| CHARLES BROWN, ) | |
| CELADON TRUCKING SERVICES, INC., ) | |
| CELADON TRUCKING SERVICES OF ) | |
| INDIANA, INC., and JOHN DOE ) | |
| CELADON ENTITIES, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Saint Gobain Containers, Inc. and Indemnity Insurance Company of North America's Petition for Recovery of Subrogation/Reimbursement Interest against Defendants (Dkt. # 21). Non-party Saint Gobain Containers, Inc. (Saint Gobain) and its insurance carrier, Indemnity Insurance Company of North America, seek to enforce their rights of subrogation or reimbursement under Oklahoma workers' compensation law.[1] As Saint Gobain and its insurer are not parties and the case is terminated, the Court will treat Saint Gobain's and its insurer's filing as a motion to intervene under Fed. R. Civ. P. 24.

On October 31, 2011, plaintiff James Hettick filed this case in Creek County District Court alleging that he was injured in a workplace accident and he sought to hold parties other than his

---

[1] Saint Gobain cites OKLA. STAT. tit. 85, § 44(a) as the statutory basis for its right of subrogation or reimbursement, but that statute has been repealed. The current version of the statute is codified at OKLA. STAT. tit. 85, § 348.

employer liable for his injuries.[2] Plaintiff's employer, Saint Gobain, was not named as a party in this case but, instead, plaintiff sought workers' compensation benefits from his employer in Oklahoma Workers' Compensation Court. The defendants removed this case to federal court based on diversity jurisdiction. Dkt. # 2. The parties requested at least six months to complete discovery to assess the extent of plaintiff's injuries, because any recovery in this case would be subject to Saint Gobain's and its insurer's statutory right to seek reimbursement. Dkt. # 13, at 3. At the time the joint status report was filed on May 9, 2012, the Oklahoma Workers' Compensation Court had already entered an order awarding plaintiff permanent partial disability benefits, but the parties needed additional time to "assess the [p]laintiff's final or anticipated subrogation amount." Id. On November 12, 2012, the parties filed a joint stipulation of dismissal (Dkt. # 20) and the case was terminated. Saint Gobain states that it has paid the plaintiff over $27,000 in workers' compensation benefits as a result of the accident. Dkt. # 21, at 2. Almost a year after the case was dismissed by the parties, Saint Gobain and its insurer now seek to intervene in this case for the purpose of "allow[ing] Saint Gobain and its insurer to pursue [claims] against Defendants . . . ." Id. at 4.

Under Rule 24, a non-party may request leave to intervene in a pending case "upon timely motion." A prerequisite for intervention is that there be an existing case in which the non-party can intervene. Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc., 675 F.3d 149, 161 (2d Cir. 2012); Tosco Corp. v. Hodel, 804 F.2d 590, 591 (10th Cir. 1986); McKay v. Heyison, 614 P.2d 899, 907 (3d Cir. 1980). Intervention is ancillary to the proceedings and

---

[2] The incident giving rise to this case occurred on June 29, 2011. Dkt. # 2-1, at 3. Hettick alleges that he was using a forklift to load pallets onto a tractor trailer operated by defendants, and defendant Charles Brown pulled the tractor trailer away from the loading dock while Hettick was attempting to load the trailer. Id. The forklift allegedly fell off the loading dock and landed on the ground. Id.

"whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention." Black v. Central Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974). Post-judgment intervention has been permitted when unusual or compelling circumstances are present, but the party seeking intervention must still show that motion for intervention was timely. R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp., 584 F.3d 1, 10 (1st Cir. 2009); Thurman v. F.D.I.C., 889 F.2d 1441, 1446 (5th Cir. 1989). The Tenth Circuit requires that the timeliness of a motion to intervene be "assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001).

The Court will assume for the purpose of ruling on Saint Gobain's and its insurer's motion to intervene that it is permissible for a party to file a post-judgment motion to intervene in order to reopen a terminated civil case, and the Court will consider whether the motion could be deemed timely under Rule 24. The first factor for the Court to consider is how long Saint Gobain and its insurer were aware of their right of subrogation or their right to seek reimbursement from defendants. Id. at 1250. The Court has reviewed the motion and the parties' filings in this case, and it is apparent that the parties, Saint Gobain, and the insurer were aware from the outset of the case that the issues of subrogation and reimbursement would need to be resolved. In fact, the parties were reluctant to proceed with settlement negotiations due to Saint Gobain's and its insurer's right to recover from defendants, because they advised the Court that they could not settle the case without "the employer/carrier's input." Dkt. # 13, at 3. Saint Gobain's rights of subrogation or reimbursement arose before May 9, 2012 because the Oklahoma Workers' Compensation Court had

already awarded permanent partial disability benefits to plaintiff by that date, but neither Saint Gobain nor its insurer made any attempt to intervene in this case. Id. This shows that Saint Gobain and its insurer knew of their interests long before they sought to intervene. This case has been closed for over a year and the existing parties would be prejudiced if the case were reopened. However, Saint Gobain and its insurer could still seek reimbursement from defendants in a separate proceeding and it is not necessary for the Court to reopen this case in order for Saint Gobain and its insurer to recover against defendants. Saint Gobain and its insurer will suffer no prejudice if the motion to intervene is denied. See American Agency Systems, Inc. v. Marceleno, 53 P.3d 929 (employer may maintain subrogation claim against third party tortfeasor in a separate proceeding). Finally, the Court finds no unusual circumstances that would require the Court to reopen a case that has been closed for over a year. Considering all of the circumstances, the Court finds no basis to excuse Saint Gobain's or its insurer's delay is seeking to intervene in this case and the motion to intervene (Dkt. # 21) should be denied.

**IT IS THEREFORE ORDERED** that the motion to intervene (Dkt. # 21) is **denied**.

**IT IS FURTHER ORDERED** that this case shall remain terminated and the Court Clerk shall not reopen the case in light of Saint Gobain and its insurer's motion to intervene.

**DATED** this 14th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE